**State of Vermont**
**Superior Court—Environmental Division**

=========================================================================
# E N T R Y  R E G A R D I N G  M O T I O N
=========================================================================

**In re Goddard College Conditional Use**                    **Docket No. 175-12-11 Vtec**
**(Appeal from Town of Plainfield Development Review Board decision)**

Title: Motion to Conduct Appeal as De Novo Proceeding (Filing No. 2)
Filed: March 2, 2012
Filed By: Appellee/Applicant Goddard College

Supplemental Memorandum filed on 3/19/12 by Appellee/Applicant Goddard College
Response in Opposition filed on 3/19/12 by Interested Person Town of Plainfield

  _X_ Granted                    ___ Denied                    ___Other

        Rhea Wilson (Appellant) appeals a decision by the Town of Plainfield Development Review Board (the DRB) finding that all site plan criteria were met and granting a conditional use permit with conditions to Goddard College (Applicant) to construct a building that will house a proposed central wood-chip heating system on property Applicant owns in the Town of Plainfield, Vermont (the Town).  Now pending before this Court is Applicant's motion to conduct the appeal as a de novo proceeding.  In support of its motion, Applicant has submitted a copy of the Plainfield Selectboard's March 1, 2010 Resolution establishing the DRB as well as a copy of the DRB's Policy and the Town's Conflict of Interest Policy.  Applicant has also filed a supplemental memorandum including the DRB's Rules of Procedure.  In response, the Town has submitted a copy of the Rules of Procedure and contends that because the Town is an on-the-record town, this Court should conduct its review on the record.

        For a municipality to adopt on-the-record review before this Court, it must, by resolution or adoption of a bylaw, (1) "provide that appeals of certain appropriate municipal panel determinations shall be on the record"; (2) "define[] what magnitude or nature of development proposal shall be subject to the production of an adequate record by the panel"; and (3) "provide[] that the municipal administrative procedure act shall apply in these instances."  24 V.S.A. § 4471(b).  Once a municipality has properly adopted on-the-record review by complying with Section 4471(b), a development review board's failure to follow one of the procedural requirements to which it is subject may require remand to the development review board or may result in a decision by this Court invalidating the development review board's decision, but it will <u>not</u> result in conversion of an on-the-record appeal to a de novo appeal before this Court.  <u>In re Sprague Farms, LLC</u>, No. 107-6-08 Vtec, slip op. at 4 (Vt. Envtl. Ct. Nov. 4, 2008) (Wright, J.).  In contrast, where a municipality fails to properly satisfy the three requirements of Section 4471(b) to adopt on-the-record review, this Court can consider an appeal de novo.  See <u>In re Dunnett</u>, 172 Vt. 196, 198-99 (2001) (holding that this Court properly conducted a de novo review of a development review board's decision when the Town of Ludlow did not satisfy the third requirement of Section 4471(b)); see also 24 V.S.A. § 4472(a)

(providing that appeals to this Court, if not on the record under Section 4471(b), shall be de novo).

In its motion, Applicant makes clear that it does not contend that the DRB failed to follow one of the procedural requirements to which it is subject (i.e., it does not merely contend that the record of the DRB hearing is incomplete). Rather, Applicant contends that the Town has not met the statutory requirements of Section 4471(b) to properly adopt on-the-record review, and thus this Court should review the matter de novo. We therefore proceed with an analysis of the requirements of Section 4471(b) to determine whether the Town has properly enacted on-the-record review.

First, the Town must have provided that appeals from the DRB will be on the record. 24 V.S.A. § 4471(b). The Selectboard's Resolution creating the DRB indicates that "all meeting [sic] shall be 'on the record' and open to the public." This provision appears to be an attempt to provide that appeals from the DRB will be on the record. It does not explicitly address appeals, however; in fact, it refers only to the DRB meetings themselves. The provision is therefore insufficient to satisfy this first requirement. The DRB Policy, the Conflict of Interest Policy, and the Rules of Procedure also do not specifically address on-the-record appeals. Accordingly, the Town has not satisfied the first requirement of Section 4471(b).

Second, the Town must have defined the "magnitude or nature of development proposal" which will be subject to on-the-record review. Id. Here, the Selectboard's Resolution makes only a broad statement that the DRB's meetings will be on the record. It does not specify the specific types of proceedings that will be subject to on-the-record review and will thus require a more detailed record. Nor does the DRB Policy, the Conflict of Interest Policy, or the Rules of Procedure define the magnitude or nature of proceedings that are allegedly on-the-record. Accordingly, the Town has not met the second requirement of Section 4471(b).

Finally, the Town must have provided that the Municipal Administrative Procedure Act (MAPA), 24 V.S.A. §§ 1201–1210, applies to its proceedings. Id. MAPA provides the minimum due process rights of parties in contested hearings. 24 V.S.A. § 1202(c). It creates procedural rights and imposes procedural duties, regulating such things as notice, hearing procedure, ex parte communications, decisions, and appeals. See 24 V.S.A. §§ 1201-1210.

Here, the Town has provided this Court with nothing that indicates that it has specifically adopted MAPA to govern the DRB's proceedings. The Selectboard's Resolution makes no reference to MAPA. Furthermore, although the DRB Policy lists "[a]dopt rules of procedure . . . necessary to carry out [the DRB's] duties" as a responsibility and duty of the DRB, it does not specifically adopt MAPA or otherwise directly refer to its provisions. Nor do the Conflict of Interest Policy or the Rules of Procedure expressly adopt MAPA to govern proceedings before the DRB.

Moreover, the Town has not adopted many of the key MAPA requirements. For example, 24 V.S.A. § 1205(c) requires that, at a hearing before the appropriate board, the presiding officer "cause the proceeding to be recorded." The Resolution states that "all meeting [sic] shall be 'on the record.'" While this might be an attempt by the Town to implement a recording requirement in its Resolution, it is insufficient. It does not specifically require the DRB to record its hearings in accordance with MAPA. The Town has also not included a recording requirement in the DRB Policy, the Conflict of Interest Policy, or the Rules of Procedure. This was the precise issue that resulted in our de novo review in Dunnett, 172 Vt. at

199 (affirming this Court's decision to hold a de novo hearing when the Town of Ludlow did not require its Development Review Board to record the hearings before it).  Accordingly, the Town has not satisfied the third requirement of Section 4471(b).

Because the Town has failed to satisfy the three requirements of 24 V.S.A. § 4471(b), it has not properly adopted on-the-record review.[1]  We therefore **GRANT** Applicant's motion to conduct this appeal de novo.

_____          ____April 26, 2011_____
        Thomas G. Walsh, Judge                              Date
=======================================================================
Date copies sent to: _____                    Clerk's Initials _____

Copies sent to:

  Rhea Wilson, Appellant, pro se

  Brian S. Dunkiel, Attorney for Appellee/Applicant Goddard College

  Elizabeth H. Catlin, Co-counsel for Appellee/Applicant Goddard College

  Interested Person Yvonne Byrd

  Interested Person Daniel Towner

  Interested Person Town of Plainfield

---

[1] We note that we have previously treated the Town as an on-the-record town in our decision in Saman ROW Appeal and its associated entry orders.  See In re Saman ROW Appeal, No. 176-10-10 Vtec (Vt. Super. Ct. Envtl. Div. Feb. 6, 2012) (Walsh, J.).  The scope of an appeal before the Environmental Division is limited to the issues the parties raise in their statement of questions.  Reporter's Notes, V.R.E.C.P. 5(f) ("The statement [of questions] functions like a pleading to limit the issues that are to be heard on the appeal . . . .").  In Saman, no party contested whether the Town had properly adopted on-the-record review by either raising the issue in the statement of questions or by filing a motion, and we therefore did not consider the issue.  Here, however, Appellant's Question 1 of her Statement of Questions asks whether, in light of the fact that the DRB hearing was not recorded, this Court should hear the appeal de novo.  Moreover, Applicant filed a motion asking that the Court conduct a de novo review of the appeal.